UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Brandywine Estates LP,　　　　　　　　　　　　Case No. 3:15-cv-00884

　　　　　Plaintiff

　　v.　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

Lucas County, Ohio, et al.,

　　　　　Defendants


## I.　　INTRODUCTION

Plaintiff Brandy Wine[1] Estates, L.P., filed suit against Defendants Lucas County, Ohio, The Andersons, Inc., Lucas County Commissioners Peter Gerken, Carol Contrada, and Tina Skeldon Wozniak, and John Does 1-50, seeking relief for the Defendants' allegedly illegal actions through the use of Lucas County's eminent-domain power to take a portion of Brandy Wine's property located in Monclova Township, in Lucas County, Ohio. The Defendants moved to dismiss the Complaint and, subsequently, the First Amended Complaint. The parties have completed briefing on the motions to dismiss the First Amended Complaint. For the reasons stated below, the Defendants' motions to dismiss the First Amended Complaint, (Doc. No. 21 and Doc. No. 22), are granted in part and denied in part. The Defendants' motions to dismiss the original Complaint, (Doc. No. 10 and Doc. No. 12), are denied as moot. I abstain from adjudicating Brandy Wine's claims under *Younger v. Harris*, and stay those claims pending resolution of the state-court proceedings.

---

[1] The Plaintiff refers to itself both as "Brandywine" and "Brandy Wine." (*Cf.* Doc. No. 4 *with* Doc. No. 16). The parties refer to the Plaintiff most frequently as "Brandy Wine" and I have adopted that usage in this opinion.

## II. STANDARD

A defendant may seek dismissal of a plaintiff's claims pursuant to Rule 12(b)(1) on the ground the plaintiff alleges claims that are not ripe for adjudication. *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 277 (6th Cir. 1997); *see also id.* at 295. To invoke the jurisdiction of a federal court, a plaintiff must seek relief for an actual case or controversy. *Brown v. Ferro Corp.*, 763 F.2d 798, 801 (6th Cir. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488 (1974)). He may not rely on an "[a]bstract injury," but must allege "[t]he injury or threat of injury . . . [is] both 'real and immediate' . . . ." *O'Shea*, 414 U.S. at 494 (citations omitted). "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for the court's review." *Magaw*, 132 F.3d at 280 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)).

When confronted with a defendant's attack on the factual and legal sufficiency of a complaint pursuant to Rule 12(b)(6), a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a motion to dismiss, a court may consider public records as well as documents attached to the motion to dismiss if those documents "are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

## III. BACKGROUND

In late 2013 or early 2014, Andersons announced it intended to move into a new corporate headquarters, as its current location was not suited for further expansion. Andersons purchased

property from the Brandywine Country Club[2] and the Lucas County, Ohio Port Authority on which it intends to construct the new headquarters. This property is located north of the intersection of Salisbury Road and Briarfield Boulevard in Monclova Township, Ohio. In order to access the proposed new building, construction plans call for Briarfield Boulevard to be extended approximately 450 feet. The problem with this plan, from Brandy Wine's perspective, is that the Briarfield Boulevard extension would go through a 21-unit apartment building Brandy Wine owns and operates as part of a 3-building complex. Brandy Wine alleges the Defendants engaged in "secret meetings" to develop plans as to how the county's eminent domain power could be used to facilitate the construction of the project and ultimate access to the new headquarters. (Doc. No. 16 at 6).

On March 3, 2015, Lucas County held a public meeting as part of the process of appropriating Brandy Wine's property for the extension of Briarfield Boulevard. On March 24, Lucas County notified Brandy Wine by letter it had approved the appropriation and offered to purchase the property for its assessed tax value. Brandy Wine did not accept the offer, and Lucas County initiated appropriation proceedings in state court on April 27. Brandy Wine filed suit in this court on May 4. On July 21, Brandy Wine filed, in state court, a motion seeking a stay of the appropriation proceeding and a complaint for injunctive relief.

### IV. ANALYSIS

Brandy Wine asserts seven causes of action against one or more of the Defendants: (1) violation of its Due Process rights under the 14th Amendment to the United States Constitution, actionable under 42 U.S.C. § 1983; (2) civil conspiracy; (3) tortious interference with contract; (4) declaratory judgment; (5) permanent injunctive relief; (6) unjust enrichment; and (7) punitive damages. (Doc. No. 16). The Defendants contend I do not have subject matter jurisdiction over Brandy Wine's due-process claim because the claim is not ripe; its requests for declaratory and

---

[2] There is no ownership connection between the Brandywine Country Club and Brandy Wine Estates.

3

injunctive relief are prohibited by *Younger v. Harris*, 401 U.S. 37 (1971); and I should decline to exercise supplemental jurisdiction over its state-law claims.

### A. RIPENESS

The Defendants contend Brandy Wine's due process claim is not ripe for review because (1) a procedural due process claim is subject to the finality requirements of *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), and (2) a substantive due process claim requires a completed appropriation of property. They also contend any substantive due process claim is prohibited by the Takings Clause of the Fifth Amendment.

The Fifth Amendment prohibits taking property for public use without payment of just compensation. U.S. Const. amend V, cl. 5. The takings clause applies to the States through the Fourteenth Amendment. *Dolan v. City of Tigard*, 512 U.S. 374, 383-84 (1994) (citing *Chicago, B & Q.R. Co. v. Chicago*, 166 U.S. 226, 239 (1897)). A taking cannot meet the public-use requirement if it is "[a] purely private taking" or if it is effectuated under "the mere pretext of a public purpose." *Kelo v. City of New London, Conn.*, 545 U.S. 469, 477-78 (2005).

As a general principle, "the concept of substantive due process has no place when a provision of the Constitution directly addresses the type of illegal governmental conduct alleged by the plaintiff." *Montgomery v. Carter Cnty., Tenn.*, 226 F.3d 758, 769 (6th Cir. 2000). Because the "takings clause itself addresses whether and under what circumstances the government may take an individual's private property, . . . no room is left for the concept of substantive due process." *Id.* While Brandy Wine labels its claims as arising from due process protections, the root of Brandy Wine's complaint is that Lucas County "is absolutely prohibited from taking private land or property for the benefit of private development . . . ." (Doc. No. 16 at 15). Thus, what Brandy Wine labels a "substantive due process claim" really is a takings claim.

The Defendants agree with this proposition, and point to *Williamson County* to argue this all means Brandy Wine's claim is unripe. (*See, e.g.,* Doc. No. 22 at 10-11). In *Williamson County*, the

Supreme Court held "the Constitution does not require pretaking compensation, and is instead satisfied by a reasonable and adequate provision for obtaining compensation after the taking . . . ." *Williamson Cnty.*, 473 U.S. at 195. While this may prohibit Brandy Wine from bringing a procedural-due-process claim at this time, Brandy Wine in essence denies asserting such a claim. (*See* Doc. No. 17 at 15 ("[T]he issue in this case is not the amount of any offer by Defendant Lucas County for the property")). Instead, Brandy Wine presents a private-use taking claim. (*See, e.g.,* Doc. No. 23 at 5 ("The claimed 'public road' . . . will serve no purpose to the general public . . . .")). Private-use takings "are unconstitutional regardless of whether just compensation is paid," and *Williamson County* does not requires this type of claim to move through state proceedings before being heard in federal court. *Montgomery*, 226 F.3d at 766-67; *see also Hensley v. City of Columbus*, 557 F.3d 693, 696 n.1 (When procedural and substantive due process claims are not independent of the underlying takings claim, the ripeness analysis for the takings claims "necessarily" applies to the due process claims.).

Lucas County has initiated proceedings to determine the appropriate compensation to be paid to Brandy Wine for its property. Under Ohio law, Lucas County may remove the apartment building from the property and commence construction of the Briarfield Boulevard extension before the value of the property has been determined. Ohio Rev. Code § 163.06(B). That subsection limits the jurisdiction of the common pleas court in this type of proceeding to determining "the amount of compensation and damages." *Thormyer v. Irvin*, 164 N.E.2d 420, 422 (Ohio 1960). Therefore, I conclude Brandy Wine's § 1983 claim concerning the necessity of the taking is ripe. This does not mean, however, I may adjudicate this claim at this time.

B. **YOUNGER ABSTENTION**

Under *Younger v. Harris*, a federal court should abstain when a state court proceeding "(1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998) (citations omitted). *Younger* abstention applies to actions for declaratory and injunctive

5

relief, *id.*, as well as damages actions. *Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013). I conclude *Younger* abstention principles prohibit me from adjudicating Brandy Wine's claims.

The first and third *Younger* elements are satisfied, as there are currently-pending state court proceedings that afford Brandy Wine an adequate opportunity to raise its constitutional claims. It is true the appropriation proceeding addresses only the amount of compensation due to a property owner whose property is taken for making a public road. Ohio Rev. Code § 163.06(B). As Brandy Wine concedes, however, "a state court injunction action is available to halt Lucas County's [allegedly] illegal use of its eminent domain power . . . ."[3] (Doc. No. 23 at 3); *see also Preston v. Weiler*, 191 N.E.2d 832, 835-36 (Ohio 1963) ("[I]n instances where a property owner is of the opinion that there is no necessity for an appropriation, injunction is the proper remedy . . . ."). Brandy Wine currently is pursuing such an action. (Doc. No. 23 at 4).

Moreover, Brandy Wine does not dispute that the appropriation proceedings involve important state interests. In determining whether a state court proceeding implicates an "important state interest," a court looks to "the importance of the generic proceedings to the State." *New Orleans Pub. Servs., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 365 (1989). Eminent domain proceedings are "intimately involved with sovereign prerogative" and are of high importance to the States. *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 28 (1959); *see also Stockler v. City of Detroit*, 936 F.2d 573, at *4 (6th Cir. 1991) (unpublished table decision) ("Lower courts have held unanimously since 1975 that eminent domain actions implicate important state interests sufficient to require application of the *Younger* doctrine.") (citing *Duty Free Shop, Inc. v. Administracion de Terrenos*, 889 F.2d 1181, 1182 (1st Cir. 1989)); *Slyman v. City of Willoughby, Ohio*, 134 F.3d 372, at *3 (6th Cir. 1998) (unpublished table decision) ("[I]t is well established that a town's interest in zoning is

---

[3] While I agree with Brandy Wine's assertion that this state-court action is not a prerequisite to bringing its private-use takings claim in federal court for purposes of the ripeness analysis, the availability of such an action is a necessary consideration in the *Younger* analysis.

substantial."); *Calhoun Realty Inc. v. City of Cincinnati*, 311 F. Supp. 2d 640, 642 (S.D. Ohio 2003) ("[E]minent domain proceedings fall squarely within the province of state court jurisdiction, as they involve important state law matters."); *Lapkewych v. Michigan*, 2012 WL 3113090, at *5 (E.D. Mich. April 12, 2012) ("[P]roperty law concerns, such as land use and zoning questions, are frequently 'important' state interests justifying *Younger* abstention.").

Brandy Wine contends parallel state- and federal-court litigation often occurs, and "the presence of the state court proceedings should not divest this court of its subject matter jurisdiction . . . ." (Doc. No. 23 at 5). Even in cases like this one – where "there is no single state proceeding to which the plaintiff[] may look for relief on constitutional or any other grounds" – *Younger* "abstention is appropriate unless state law clearly bars the interposition of the constitutional claims." *Moore v. Sims*, 442 U.S. 415, 424-26 (1979) (citation omitted). Ohio law does not do so here, as Brandy Wine has a path to challenge the legitimacy of the taking outside of the compensatory proceedings. I conclude *Younger* applies here and abstain from adjudicating Brandy Wine's claims.

I also conclude, however, it is appropriate to stay the case rather than dismiss Brandy Wine's complaint without prejudice. While the Supreme Court has not expressly held dismissal of damages actions based on abstention principles is impermissible, *see Quakenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996), the Sixth Circuit has held district courts do not have discretion to dismiss damages actions after invoking *Younger* abstention. *Nimer*, 707 F.3d at 701. Further, it would be an empty formality to dismiss, rather than stay, Brandy Wine's equitable and state-law claims pending the resolution of the state-court proceedings.

## V. CONCLUSION

For the reasons stated above, the Defendants' motions to dismiss the First Amended Complaint, (Doc. No. 21 and Doc. No. 22), are granted in part and denied in part. I abstain from adjudicating Brandy Wine's claims under *Younger v. Harris*, and stay those claims pending resolution

of the state-court proceedings.  The Defendants' motions to dismiss the original Complaint, (Doc. No. 10 and Doc. No. 12), are denied as moot.

    So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge

of the state-court proceedings.  The Defendants' motions to dismiss the original Complaint, (Doc. No. 10 and Doc. No. 12), are denied as moot.

    So Ordered.

                                                s/ Jeffrey J. Helmick  
                                                United States District Judge